UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE J. MCGINNIS,

                Plaintiff,

-against-

STEVEN W. BROCKETT, JUDGE; LINDA F. PADDEN, CHIEF CLERK; ROBIN L. SIEGEL, DEPUTY CHIEF CLERK; ELISE RUCKER ESQ., COURT ATTORNEY; JANETTE A. PARSON; CITY OF MIDDLETOWN,

                Defendants.

15-CV-5626 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, currently incarcerated at Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal rights by withholding documents from him. By order dated August 20, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee even when they have been granted permission to proceed *in forma pauperis*.

*Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings claims against Steven Brockett, a judge at the Middletown City Court; Linda Padden, Chief Clerk of the Middletown City Court; Robin Siegel, Deputy Chief Clerk of the Middletown City Court, Elise Rucker, Esq.; and Janette Parsons.

Although Plaintiff's claims are not entirely clear, the Court infers the following facts from the allegations in the complaint. Plaintiff was married to Defendant Janette A. Parson. At some point during the course of their marriage, Defendant Parson obtained an order of protection against Plaintiff from the Middletown City Court, which prohibited Plaintiff from contacting her. (Compl. at 2.) On May 27th, Defendant Parson "was at the court house where she admitted [that] she lied to the police department to be granted an order of protection." (*Id.*) Plaintiff was arrested in Dryden, New York, for allegedly violating that order of protection and spent approximately one to two weeks in jail. (*Id.*) It is not clear from Plaintiff's allegations whether Defendant Parson admitted to lying to obtain the order of protection before or after his arrest in Dryden, New York. Plaintiff thereafter attempted to obtain documents from the Middletown City Court – presumably documents demonstrating that Defendant Parson lied – to help "prove [his] innocence in the matter," but unidentified court employees refused to provide him with such. (*Id.*) Instead, Plaintiff was sent a paper stating that the case was dismissed and sealed. (*Id.*) Plaintiff also states that the document indicates that no arrest had been made, despite the fact that Plaintiff has video footage of the arrest. (*Id.*)

Plaintiff appears to allege that the information he is seeking from the Middletown City Court could refute character evidence that was admitted against him in a separate criminal matter and that because he was unable to refute this evidence, he was convicted and "locked up longer

than [he] needs to be. (*Id*. at 3.) Plaintiff claims that this is a violation of his Fourteenth Amendment right to equal protection and due process. Plaintiff is seeking an injunction ordering Defendants to "turn over all statements made at the police station by Ms. Parson Janette" and to produce Plaintiff in court for the adjudication of his § 440.10 motion. (*Id*.) Plaintiff is also seeking damages. (*Id*.)

## DISCUSSION

### A. Plaintiff's § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). For the reasons set forth below, Plaintiff's § 1983 claims may not proceed against Defendants.

#### 1. State Action

Plaintiff does not state a plausible claim against Defendants Parson and Rucker because he does not allege any facts showing that these defendants were state actors. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private parties are therefore not generally liable under the statute, *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal

proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Although Plaintiff does not include specific allegations against Defendant Rucker in the body of his complaint, the Court infers that she represented him during one of his criminal cases.[2] As Defendants Rucker and Parson are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against them under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Judicial Immunity**

Judges are absolutely immune from suit for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Absolute immunity protects judges for their judicial acts, even when such acts "are alleged to have been done maliciously or corruptly." *Gotbetter v. Wendt*, 371 F. App'x 165, 166 (2d Cir. 2010) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Plaintiff does not specify what Defendant Brockett did or failed to do to violate his constitutional rights. Nonetheless, it appears

---

[2] Because Plaintiff fails to allege any facts showing that Defendant Rucker was directly and personally involved in the alleged constitutional deprivation, his § 1983 claim against her may also be dismissed on that basis. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

that Plaintiff's claims against Defendant Brockett arise out of actions that he took in his judicial capacity, and thus he is absolutely immune from suit under § 1983.

Although judges were not immune at common law from suits for prospective injunctive relief, *Mireles,* 502 U.S. at 10 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)), the 1996 amendments to 42 U.S.C. § 1983 make injunctive relief unavailable against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." *Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999) (citing the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996)). Plaintiff's allegations do not implicate either of these exceptions, and thus his claims for injunctive relief against Defendant Brockett must be dismissed.[3]

Judicial immunity has also been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL

---

[3] To the extent that Plaintiff's request for injunctive relief arises in the context of a pending proceeding, it is likely precluded under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Younger abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents). Because Plaintiff's claims against Defendants Padden and Siegel appear to arise out of actions that they took in their capacities as court clerks "performing discretionary acts of a judicial nature which are essential to the judicial process," they are also immune from suit under the doctrine of judicial immunity.

Plaintiff's § 1983 claims against Defendant Brockett, Padden, and Siegel are therefore dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     Plaintiff's FOIA and Privacy Act Claim**

Plaintiff also appears to bring claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. FOIA gives members of the public a right to access some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a plaintiff can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA applies only to federal agencies, not state or local agencies. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999). Similarly, "under the Privacy Act … there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency." *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (citations and quotations omitted).

Here, Plaintiff alleges that employees of a municipal court denied his request for documents. Because Plaintiff does not allege that he was unlawfully denied access to records by a federal agency, he has not stated a plausible claim under FOIA or the Privacy Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 9, 2015
         New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge